HARRIS, J.,
delivered the opinion of the Court.
The defendant in error brought this action of debt against the plaintiffs in error, in the Circuit Court of Franklin county. To a declaration in the usual form the defendants pleaded payment and set-off, on which issues were taken.
Under the plea of set-off, the defendants introduced evidence to show that, by a special contract, the' plaintiff was indebted to them the sum of five hundred dollars, for conducting his defence on a charge of grand larceny. This claim was resisted, on the ground that they never rendered the services. On their part they insist that they conducted his defence before the committing court; that the plaintiff was bound in recognizance to answer the charge before the Circuit Court, where they were present, ready and willing to complete their part of the contract, but were excused and prevented from doing so by the plaintiff’s failing to appear: that he fled the country, and forfeited his recognizance.
On this point the Court charged the jury, in substance *161 and effect, that if there was a special contract, by which the defendants were to hare five hundred dollars for conducting the plaintiff’s defence on the charge of larceny, and they rendered part of the services and failed to render the balance, on account of plaintiff’s failure to appear, then they would not be entitled to the five hundred dollars, but only to a reasonable compensation for the services rendered.
The jury found the defendants entitled to a set-off for the sum of $74 97-J, and judgment was rendered accordingly. The defendants moved for a new trial; their motion was overruled, and they have removed the cause to this Court by writ of error. The only question here presented is on an exception to the charge of the Court as above set out. This charge we think is erroneous. The plea of set-off is in the nature of a cross-action, and will be regarded as though the defendants had declared against the plaintiff on the special contract, and the plaintiff was resisting their right to recover, on the ground of the non-performance of a condition precedent. On the assumed state of facts, could such a defence prevail? We think not.
"Where there is a condition precedent, “the plaintiff must aver in his declaration, and prove, either his performance of the condition precedent, or an offer to perform it, which the defendant rejected; or he may aver his readiness to fulfil the condition until the defendant discharged him from so doing, or prevented the execution of the matter which was to be performed by him; for where the right to demand the performance of a certain act depends on the execution, by the promisee, of a condition precedent, or prior act, it is clear that the readiness *162 and offer of the latter to fulfil the condition, and the discharge or hindrance of its performance by the promisor, are in law equivalent to the completion of the condition precedent, and will render the promisor liable upon his contract.” Chitty on Contracts, 9th Am. Ed., 638, side p., and authorities there referred to.
The judgment of the Circuit Court will he reversed, and the cause remanded for a new trial.